# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| JESS ALAN CARTWRIGHT; IRINA CARTWRIGHT; and JESS ALAN CARTWRIGHT and IRINA CARTWRIGHT, individually and as parents and next friends of J.C., a minor, *Plaintiffs*, <br><br> v. <br><br> GRANT HUNTER SIMMONS and NEW RESTORATION AND RECOVERY SERVICES, LLC, *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) CASE NO.: <br> ) <br> ) **JURY DEMAND** <br> ) <br> ) JUDGE <br> ) <br> ) <br> ) |

## COMPLAINT

COME NOW PLAINTIFFS and for their cause of action against Defendants state:

### PARTIES

1. Plaintiff Jess Alan Cartwright is a citizen and resident of Reston, Fairfax County, Virginia.

2. Plaintiff Irina Cartwright is a citizen and resident of Reston, Fairfax County, Virginia.

3. Plaintiff J.C. is the minor child of Plaintiffs Jess Alan Cartwright and Irina Cartwright.

4. Plaintiff J.C. is a citizen and resident of Reston, Fairfax County, Virginia.

5. Defendant Grant Hunter Simmons ("Defendant Simmons") is a citizen and resident of La Vergne, Rutherford County, Tennessee, and may be served with process at 803 Albin Court, La Vergne, Rutherford County, Tennessee 37086.

6. Defendant New Restoration and Recovery Services ("Defendant NRRS") is a North Carolina limited liability company with its principal office located at 2510 Meridian Pkwy., Ste. 350, Durham, North Carolina 27713.

7. Defendant NRRS may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

## JURISDICTION AND VENUE

8. This cause of action arises out of a July 27, 2018, motor vehicle collision in Clarksville, Tennessee.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as Plaintiffs are citizens of the State of Virginia; Defendant Simmons is a citizen of the State of Tennessee; Defendant NRRS is a citizen of the State of North Carolina; and the amount in controversy in the claims of Plaintiff Jess Alan Cartwright and Plaintiff J.C. each exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

10. This Court has jurisdiction over the claims of Plaintiff Irina Cartwright and Plaintiff J.C. pursuant to 28 U.S.C. § 1367, as the claims arise from the same motor vehicle collision as Plaintiff Jess Alan Cartwright's claim.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the events or omissions giving rise to this lawsuit occurred in the Middle District of Tennessee.

## FACTS

12. Defendant NRRS is an interstate carrier licensed by the United States Department of Transportation ("U.S. DOT").

13. Defendant NRRS' U.S. DOT Number is 2034929.

14. At all times relevant herein, Defendant NRRS owned a 2015 F250 Super Duty with a VIN of 1FT7W2BT5FEB24146.

15. At all times relevant herein Defendant NRRS owned a trailer with a VIN of 1YGUS2023GB143775.

16. The vehicle identified in ¶ 14 had a gross combined weight rating (for conventional towing) of at least 10,001 pounds.

17. The vehicle identified in ¶ 14 and the trailer identified in ¶ 15 had a gross combined weight rating of at least 10,001 pounds.

18. The vehicle identified in ¶ 14 and the trailer identified in ¶ 15 were registered in the State of North Carolina.

19. Defendant NRRS did not perform adequate screening of job applicants to determine if they were capable of operating its vehicles safely.

20. Defendant NRRS failed to provide effective safety driving training to its drivers prior to starting their job duties.

21. Defendant NRRS failed to take appropriate corrective measures when its drivers engaged in unsafe driving or violated statutes or regulations enacted to prevent unsafe driving.

22. Defendant NRRS failed to employ effective policies and procedures to ensure the safe operation of its vehicles on the road.

23. At all times relevant herein, Defendant Simmons was the employee of Defendant NRRS.

24. Defendant NRRS did not perform adequate screening to determine whether Defendant Simmons was capable of operating its vehicles safely.

25. Defendant Simmons was nineteen (19) years of age on July 27, 2018.

26. Defendant Simmons did not possess a commercial drivers license on or before July 27, 2018.

27. Defendant Simmons did not receive sufficient training on operation of the vehicle and trailer identified in ¶¶ 14-15 on or before July 27, 2018.

28. Defendant NRRS did not require Defendant Simmons to pass a road test prior to permitting and/or requiring him to operate the vehicle and trailer identified in ¶¶ 14-15.

29. On and before July 27, 2018, Defendant NRRS permitted and/or required Defendant Simmons to operate the vehicle and trailer identified in ¶¶ 14-15 as part of his job duties.

30. Defendant NRRS failed to take corrective action when Defendant Simmons engaged in unsafe driving, including violating statutes or regulations intended to prevent unsafe driving.

31. On the evening of July 27, 2018, Plaintiff Jess Alan Cartwright ("Mr. Cartwright") was operating his 2015 Toyota Rav4 on Wilma Rudolph Boulevard in Clarksville, Tennessee, headed southbound.

32. Plaintiff Irina Cartwright and Plaintiff J.C. were passengers in the vehicle being driven by Mr. Cartwright.

33. At all times relevant herein, Mr. Cartwright was operating his vehicle in a safe and prudent manner.

34. Also on the evening of July 27, 2018, Defendant Simmons was operating the 2015 Ford Super Duty identified in ¶ 14, pulling the trailer identified in ¶ 15, on Alfred Thun Road, headed westbound.

4

35. At all times relevant herein, Defendant Simmons was operating the 2015 Ford Super Duty identified in ¶ 14 and the trailer identified in ¶ 15 with the consent of Defendant NRRS.

36. At all times relevant herein, Defendant Simmons was an agent, employee, or servant of Defendant NRRS.

37. At all times relevant herein, Defendant Simmons was acting within the scope of his agency, employment, or servitude with Defendant NRRS.

38. At approximately 6:50 p.m., Mr. Cartwright passed through Wilma Rudolph Boulevard's intersection with Alfred Thun Road.

39. After passing through the intersection, Mr. Cartwright slowed his vehicle for heavy traffic and came to a complete stop.

40. Also at approximately 6:50 p.m. Defendant Simmons approached Alfred Thun Road's intersection with Wilma Rudolph Boulevard.

41. Defendant Simmons turned left from Alfred Thun Road onto Wilma Rudolph Boulevard.

42. After turning left onto Wilma Rudolph Boulevard, Defendant Simmons was directly behind Mr. Cartwright's vehicle.

43. Defendant Simmons was not paying attention to the road as he made his left turn.

44. As a result of Defendant Simmons' inattentiveness, Defendant Simmons did not see the heavy traffic or that Mr. Cartwright was at a complete stop.

45. Defendant Simmons failed to stop for the traffic and collided with the rear of Plaintiffs' vehicle.

46. Alternatively, Defendant Simmons was not sufficiently trained to safely operate Defendant NRRS' truck and trailer, causing him to collide with the rear of Plaintiffs' vehicle.

47. As a result of the crash, Plaintiffs suffered the injuries and damages detailed in ¶¶ 76-85, *infra*.

## COUNT I. NEGLIGENCE

48. Plaintiffs reassert and incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

49. Defendant Simmons owed Plaintiffs a duty to exercise reasonable care in operating the 2015 Ford Super Duty.

50. Defendant Simmons breached his duty to Plaintiffs by failing to:

   a. Maintain the vehicle under proper and reasonable control;

   b. Operate the vehicle at an appropriate speed for the existing conditions;

   c. Bring the vehicle under control and to stop when there was sufficient time and distance to do so before striking Plaintiffs' vehicle;

   d. Drive in a reasonable and prudent manner with regard for the control of the vehicle and traffic conditions on the roadway; and

   e. See that which there was to be seen and take proper action with respect thereto.

51. Defendant Simmons' breach of his duty owed to Plaintiffs directly and proximately caused the July 27, 2018, collision and Plaintiffs' resulting injuries and damages, which are detailed in ¶¶ 76-85, *infra*.

52. Defendant Simmons was negligent in causing the July 27, 2018, collision and Plaintiffs' resulting injuries and damages, which are detailed in ¶¶ 76-85, *infra*.

53. Defendant NRRS was the registered owner of the 2015 Super Duty operated by Defendant Simmons at the time of the collision, which constitutes prima facie evidence that:

    a. Defendant Simmons was operating the vehicle with authority, consent, and knowledge of Defendant NRRS; within the course and scope of Defendant Simmons' employment with Defendant NRRS; and for the use and benefit of Defendant NRRS, pursuant to Tenn. Code Ann. § 55-10-311(a); and

    b. Defendant Simmons was acting as Defendant NRRS's servant in the course and scope of his employment and was operating the vehicle for Defendant NRRS's use and benefit, pursuant to Tenn. Code Ann. § 55-10-312(a).

54. At the time of the collision, Defendant Simmons was operating the 2015 Super Duty on behalf of and for the benefit of Defendant NRRS.

55. At the time of the collision, Defendant Simmons was acting within the course and scope of his agency, employment, or servitude to Defendant NRRS.

56. Defendant NRRS is vicariously liable for the negligence of Defendant Simmons.

## COUNT II. NEGLIGENCE *PER SE*

57. Plaintiffs reassert and incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

58. The following Tennessee statutes were in full force and effect on July 27, 2018, the date of the collision at issue in this lawsuit:

    a. "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway." Tenn. Code Ann. § 55-8-124(a).

b. "[E]very driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle…" Tenn. Code Ann. § 55-8-136(b).

c. "No person while driving a motor vehicle on any public road or highway shall use a hand-held mobile telephone or a hand-held personal digital assistant to transmit or read a written message[.]" Tenn. Code Ann. § 55-8-199(b)(1).

59. Each of the statutes cited in the preceding paragraph were enacted to protect the public from unsafe drivers and to prevent injuries such as those suffered by Plaintiffs.

60. Defendant Simmons violated Tenn. Code Ann. § 55-8-124(a).

61. Defendant Simmons violated Tenn. Code Ann. § 55-8-136(b).

62. Defendant Simmons violated Tenn. Code Ann. § 55-8-199(b)(1).

63. Defendant Simmons' violation(s) noted in the preceding three paragraphs, singularly or in combination, directly and proximately caused the July 27, 2018, collision and Plaintiffs' resulting injuries and damages, which are detailed in ¶¶ 76-85, *infra*.

64. Defendant Simmons' violation(s) noted in the preceding paragraphs constituted negligence *per se*, which directly and proximately caused the July 27, 2018, collision and Plaintiffs' resulting injuries and damages, which are detailed in ¶¶ 76-85, *infra*.

65. Defendant NRRS was the registered owner of the 2015 Super Duty operated by Defendant Simmons at the time of the collision, which constitutes prima facie evidence that:

a. Defendant Simmons was operating the vehicle with authority, consent, and knowledge of Defendant NRRS; within the course and scope of Defendant Simmons' employment with Defendant NRRS; and for the use and benefit of Defendant NRRS, pursuant to Tenn. Code Ann. § 55-10-311(a); and

b. Defendant Simmons was acting as Defendant NRRS's servant in the course and scope of his employment and was operating the vehicle for Defendant NRRS's use and benefit, pursuant to Tenn. Code Ann. § 55-10-312(a).

66. At the time of the collision, Defendant Simmons was operating the 2015 Super Duty on behalf of and for the benefit of Defendant NRRS.

67. At the time of the collision, Defendant Simmons was acting within the course and scope of his agency, employment, or servitude to Defendant NRRS.

68. Defendant NRRS is vicariously liable for the negligence *per se* of Defendant Simmons.

## COUNT III. NEGLIGENT HIRING, TRAINING, AND SUPERVISION

69. Plaintiffs reassert and incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

70. Defendant NRRS had a duty to Plaintiffs to take reasonable measures to:

a. Ensure that it hired employee drivers capable of safely operating its vehicles;

b. Train its employee drivers on safe driving prior to allowing them to begin their job duties;

c. Supervise its drivers;

d. Prevent its employees from engaging in unsafe driving of its vehicles; and

> e. Take corrective action when it knew or should have known that an employee engaged in unsafe driving.

71. Defendant NRRS had a duty to comply with the regulations in Parts 390 through 396 of Title 49 of the Code of Federal Regulations, in hiring, training, and supervising its employee drivers.

72. Defendant NRRS breached the duties listed in the preceding paragraphs by:

> a. Allowing or requiring Defendant Simmons to operate the vehicle and trailer identified in ¶¶ 14-15 when he was not qualified to do so;
>
> b. Allowing or requiring Defendant Simmons to operate the vehicle and trailer identified in ¶¶ 14-15 when he had not received adequate training to operate them safely;
>
> c. Failing to supervise Defendant Simmons to ensure that he was operating the vehicle and trailer identified in ¶¶ 14-15 in a safe and lawful manner;
>
> d. Failing to prevent Defendant Simmons from engaging in unsafe driving of the vehicle and trailer identified in ¶¶ 14-15;
>
> e. Failing to take corrective action when it knew or should have known that Defendant Simmons had engaged in unsafe driving.

73. Defendant NRRS' breaches of the duties owed to Plaintiffs directly and proximately caused the July 27, 2018, collision and Plaintiffs' resulting injuries and damages, which are detailed in ¶¶ 76-85, *infra*.

74. Defendant NRRS was negligent in the hiring, training, and supervision of Defendant Simmons, thereby directly and proximately causing the July 27, 2018, collision and Plaintiffs' resulting injuries and damages, which are detailed in ¶¶ 76-85, *infra*.

75. Defendant NRRS' breaches of the duties owed to Plaintiffs constituted recklessness, as it was aware of but consciously disregarded a substantial and unjustifiable risk that Defendant Simmons would cause a wreck due to unsafe driving.

## DAMAGES

76. Plaintiffs reassert and incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

77. As a direct and proximate result of Defendants' negligence, Plaintiff Jess Alan Cartwright suffered serious and painful personal injuries, as well as economic losses.

78. As a direct and proximate result of Defendants' negligence, Plaintiff Jess Alan Cartwright is entitled to compensation for the following:

   a. Physical pain, both past and future;

   b. Emotional suffering and grief, both past and future;

   c. Health care expenses, both past and future;

   d. Loss of enjoyment of life;

   e. Permanent impairment and partial disability;

   f. Property damage;

   g. Loss of earning capacity;

   h. Lost wages;

   i. Costs of this cause; and

   j. All other general damages and other relief allowed under the laws of the State of Tennessee to which he may be entitled.

79. As a direct and proximate result of Defendants' negligence, Plaintiff Irina Cartwright suffered serious and painful personal injuries, as well as economic losses.

80. As a direct and proximate result of Defendants' negligence, Plaintiff Irina Cartwright is entitled to compensation for the following:

    a. Physical pain, both past and future;

    b. Emotional suffering and grief, both past and future;

    c. Health care expenses, both past and future;

    d. Loss of enjoyment of life;

    e. Permanent impairment and partial disability;

    f. Property damage;

    g. Loss of earning capacity;

    h. Lost wages;

    i. Costs of this cause; and

    j. All other general damages and other relief allowed under the laws of the State of Tennessee to which she may be entitled.

81. As a direct and proximate result of Defendants' negligence, Plaintiff J.C. suffered serious and painful personal injuries.

82. As a direct and proximate result of Defendants' negligence, Plaintiff J.C. is entitled to compensation for the following:

    a. Physical pain, both past and future;

    b. Emotional suffering and grief, both past and future;

    c. Future health care expenses;

    d. Loss of enjoyment of life;

    e. Permanent impairment and partial disability;

    f. Loss of earning capacity;

g. All other general damages and other relief allowed under the laws of the State of Tennessee to which she may be entitled.

83. As a direct and proximate result of Defendants' negligence, Plaintiff Jess Alan Cartwright and Plaintiff Irina Cartwright suffered economic losses on behalf of their minor child, Plaintiff J.C..

84. As a direct and proximate result of Defendants' negligence, Plaintiff Jess Alan Cartwright and Plaintiff Irina Cartwright are entitled to compensation for the following losses incurred on behalf of their minor child, Plaintiff J.C.:

a. Health care expenses, both past and future;

b. Costs of this cause; and

c. All other general damages and other relief allowed under the laws of the State of Tennessee to which they may be entitled.

85. Plaintiffs should be awarded punitive damages for the recklessness of Defendant NRRS.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief as follows:

A. For process to issue and be served upon Defendants, requiring Defendants to answer the allegations herein;

B. For a judgment in favor of Plaintiff Jess Alan Cartwright against Defendants for compensatory damages in an amount not to exceed five hundred thousand dollars ($500,000.00);

13
Case 3:19-cv-00519  Document 1  Filed 06/21/19  Page 13 of 14 PageID #: 13

C. For a judgment in favor of Plaintiff Irina Cartwright against Defendants for compensatory damages in an amount not to exceed twenty-five thousand dollars ($25,000.00);

D. For a judgment in favor of Plaintiff J.C. against Defendants for compensatory damages in an amount not to exceed one hundred and fifty thousand dollars ($150,000.00);

E. For a judgment in favor of Plaintiffs against Defendant NRRS for punitive damages in an amount not to exceed one million dollars ($1,000,000.00);

F. For costs of this action to be taxed to Defendants; and

G. For such other, further, and general relief as this Court deems just and proper.

                              Respectfully submitted,

                              HUGHES & COLEMAN, PLLC

BY:     /s/ Justin L. Crouch_____
JUSTIN L. CROUCH, BPR 31719
446 James Robertson Parkway, Ste. 100
Nashville, TN 37219
Office: (615) 557-1122
Fax: (615) 255-9879
JCrouch@hughesandcoleman.com
*Counsel for Plaintiffs*